Receipt
1500069241

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

BRIDGET STEWART, an individual,

              Plaintiff

vs.

WAYNE COUNTY PROBATE COURT, a municipal
court of the City of Detroit, REBECCA CRAIGMILE,
Individually and in her official capacity, APRIL
MAYCOCK, Individually and in her official capacity,
FREDDIE G. BURTON, JR., Individually and in his
official capacity,

              Defendants, jointly and severally.

Case: 5:23-cv-12296
Assigned To : Levy, Judith E.
Referral Judge: Grand, David R.
Assign. Date : 9/8/2023
Description: CMP STEWART V.
WAYNE COUNTY PROBATE COURT, ET AL (DJ)

There is no other pending or resolved action arising out
of the transaction or occurrence alleged in the complaint,
which has been previously filed or dismissed.

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION
## AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Bridget Stewart, Pro Se, for her Complaint in the above
captioned matter, States:

## THE PARTIES TO THIS COMPLAINT

**A.  Plaintiff,** Bridget Stewart ("Stewart"), is an individual residing at 18473 Glastonbury, City of Detroit, County of Wayne, State of MI  48219, telephone 313-808-8744, email stewartbridget015@gmail.com

**B.  Defendant No.1,** Wayne County Probate Court ("WCPC"), is a municipal court organized under the laws of the State of Michigan located at 2 Woodward Ave./1305 Coleman A Young Municipal Center. City of Detroit and County of Wayne, State of Michigan 48226, telephone 313-224-8373

**Defendant No.2,** Rebecca Craigmile ("Craigmile"), is an individual and a Human Resources Manager ("HRM"), Court Executive of ("WCPC"), located at 2 Woodward Ave./1305 Coleman A Young Municipal Center. City of Detroit and County of Wayne, State of Michigan 48226, telephone 313-224-8373, rcraigmile@wcpc.us

**Defendant No.3,** April Maycock ("Maycock"), is an individual and a Probate Register/Director of Information Services ("PR"), Court Executive of ("WCPC"), located at 2 Woodward Ave./1305 Coleman A Young Municipal Center. City of Detroit and County of Wayne, State of Michigan 48226, telephone 313-224-2722, email amaycock@wcpc.us

Case 2:23-cv-12296-SKD-DRG   ECF No. 1, PageID.3   Filed 09/08/23   Page 3 of 72

**Defendant No.4,** Freddie G. Burton, Jr. ("Judge Burton"), is an individual and a Chief Judge ("FGB"), Court Executive of ("WCPC"), located at 2 Woodward Ave.,1305 Coleman A Young Municipal Center. City of Detroit and County of Wayne, State of Michigan 48226, telephone 313-224-5686, email fburton@wcpc.us

**C.  Place of Employment,** Plaintiff Bridget Stewart is employed at Wayne County Probate Court ("WCPC"), 2 Woodward Ave., 1305 Coleman A. Young Municipal Center, Detroit, MI  48226.  313-998-0547.

**D.  Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to: A Federal Question, Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).  Age Discrimination is Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634, **Exhibit #1** – Notice of Right to Sue letter from the EEOC.

**E. Statement of Claim**

The Plaintiff Ms. Stewart brings this cause of action against Defendants alleging violations of Race, Age, and Color Discrimination in Employment.  Failure to promote, forced demotion, unequal terms, and conditions of employment, pay disparity, unfavorable job assignments, retaliation, humiliation, and bullying conduct.  The Defendants made adverse employment decisions against Plaintiff such as denied a promotion Plaintiff applied for August 24, 2021, Plaintiff was forced in around December 2019 and February 2021 to perform managerial duties for extended periods of times without being properly compensated. Then a forced demotion in around June 13, 2022, cutting Plaintiff's pay, denying Ms. Stewart opportunities to interview for deserved promotions again in around June 15, 2023.

**F. Forced Demotion and Retaliation:**

1) The Plaintiff was hired by the defendant ("WCPC") in November 2004. Ms. Stewart, believe she has been treated unfairly at work, failure to promote Plaintiff because of race, African American/color (dark complexion) and age 60 birth year 1963.

2) The Plaintiff Bridget Stewart was promoted to the Human Resources Department in January 2019 as Training Coordinator and then promoted again to Human Resources Assistant in October 2019. That is when Plaintiff believes she was discriminated against, race, age, retaliation and unequal terms and conditions of her employment.

3) During my time of employment Wayne County Probate Court and Defendant April MayCock, Probate Register, forced Ms. Stewart to perform job duties above her job classification with less pay, while other employees outside protected individuals race and age were treated better and promoted.

4) In and around May 3, 2022, Plaintiff recognized that April Maycock, Probate Register and Wayne County Probate would never properly compensate Ms. Stewart for the job responsibilities the Court required Plaintiff to perform above her classification. At that time Plaintiff requests a new position as Judge Paolucci courtroom as a court clerk II. **See Exhibit #2** Letter describing circumstances leading up to the Request for a new position. Ms. Stewart was also forced to assess for this position which she received 100% and Plaintiff also passed the interview.

5) On June 3rd, 2022, Defendants Rebecca Craigmile ("HRM") and April Maycock ("P.R.") discriminated against Plaintiff by stating she would take a $14,000.00, est. reduction in salary if Plaintiff were to leave her position as Human Resources Assistant and accept the Court Clerk II position for Judge Paolucci. The Defendants were not obligated to reduce Plaintiff's salary.

6) On June 6, 2022, Rebecca Craigmile, Human Resources Manager announced the hiring of the Sr. Hr. Generalist. Then Rebeccas Craigmile and April Maycock, Probate Registers met with Plaintiff to inform Ms. Stewart that she would be demoted/reassigned to BHU Administrative Assistant position. Which defendants stated was created just for the Plaintiff with a 7% pay cut, and this job was forced on Ms. Stewart. Plaintiff believes this was retaliation because she requested to leave the Human Resources Dept. Defendants then replaced me with a much younger employee as Human Resources Assistant. The defendants were not obligated to force this demotion. Even after Plaintiff requested to stay in Human Resource Dept. since there were now three employees opposed to just one. The BHU Administrative Assistant Job Description

**Exhibit #3** has higher classifications job responsibilities than the Human Resources Assistant, **Exhibit#4**.

7) Defendants also discriminated against the Plaintiff by reducing her salary by 7% when they normally reduce Caucasian employees' salaries by 3.5%, est. when they request a demotion and never have WCPC force or created another position with less pay.

8) June 13, 2022, The Defendants Craigmile and Maycock uses the BHU Administrative Assistant Position to further Discriminate against and humiliate Ms. Stewart.  She was forced to work for the BHU Liaison Manager, which was a position Ms. Stewart applied for and interviewed for in and around August 24, 2021, and October 2021 **Exhibit#5**.  The Plaintiff was qualified for and deserved this position.  April Maycock, Probate Register and Chief Judge Freddie G. Burton selected an external younger fair/light complexion candidate with less Probate Court experience.  Again, Ms. Stewart believes they discriminated against her age 59 years old and race, color dark complexion African American a protected individual prevented her from getting the position.

9) In around June 13, 2022, Unfair pay and Unfavorable Job Assignments, Rebecca Craigmile and April Maycock created and forced the Plaintiff to

take the position as an Administrative Assistant to the BHU Liaison Manager, with a 7% pay cut and placed on a six-month probationary period in the new role.  **Exhibit #6,** Demotion Letter to BHU Administrative Assistant. The Defendants had no obligation to demote, reduce the salary or place Ms. Stewart on probation for six months.

10)     In and around 2020, 2022, 2023, all the Defendants April Maycock, Probate Register and Chief Judge Freddie G. Burton, Jr. and Rebecca Craigmile, Human Resources Manager has a history of discriminating against African American Employees.  They have created unfair practices by allowing Caucasians and other employees to maintain or increase their salaries in certain situations and never give Protected Individuals the same consideration. They even change Caucasian employees' Job Titles to increase their salary.  Defendants have gone as far as decreasing African Americans salary for a promotion opportunity in 2022.

11)     Rebecca Craigmile and Chief Judge Freddie G. Burton, Jr. forced Ms. Stewart to sign an Employment Agreement for the BHU Administrative Assistant position, which classifies Plaintiff as Exempt, **Exhibit #7 Original Employee Agreement.**  This Agreement also prevented Ms. Stewart Overtime Opportunities. Plaintiff believes this was intentional

and unfair pay conditions. **Exhibit #8 Modified Employee Agreement** after the Plaintiff complained about the language in the EEOC complaint, without letting Ms. Stewart initial or agree to the change.

12)   June 13, 2022, Ms. Stewart Behavioral Health Unit Administrative Assistant was forced to perform the Quality Assurance Coordinator job responsibilities which is a higher classification without being properly compensated again from June 13th, 2022, until in and around November 2022.

13)   Ms. Stewart believes retaliation occurred with the first assigned project as the BHU Administrative Assistant which was to complete a backlog of work dated from January 1, 2022, through June 2022 that was the responsibility of the Quality Assurance position.

## G. Respondent Humiliated Plaintiff

14)   In and around April 2022, I believe April MayCock, Probate Court Humiliated me by emailing Ms. Stewart a $15.00 Panera Gift card stating "Thanks for holding down the fort! I appreciate you!" **Exhibit #9**. This was very humiliating.

15)     Wayne County Probate Court has never properly compensated Ms. Stewart for working a total of 17 weeks performing higher job responsibilities and working alone in the HR dept. April MayCock's gift card amounted to less than a $1.00 a week.

16)     Humiliation continued June 13, 2022, Plaintiff Ms. Stewart was assigned to a workstation in the middle of an area that was surrounded by trash, on display for all employees to see.

17)     Presently Wayne County Probate Court continues discrimination by never properly compensating Ms. Stewart.

## G.  Failure To Allow opportunity to Promote:

11)     In and around August 30, 2021, September 6, 2022, and October 5, 2022, Rebecca Craigmile, Human Resources Manager, April Maycock, Probate Register, and Chief Judge Freddie G. Burton, Jr.  discriminated against protected individuals by Ignoring the fact that the Plaintiff and other protected individuals applied for Judge Burton's Courtroom Coordinator position.

**12)**     In around June 15, 2023, Rebecca Craigmile, Human Resources Manager announced in the CE Minutes that the Courtroom Coordinator position for Judge Burton was filled with a younger external candidate,

without considering internal qualified candidates **Exhibit #10** CE

Minutes.

13) The Defendants discriminated against Plaintiff and other protected

individuals again around June 15, 2023, by announcing in the CE Minutes

that a younger, Caucasian employee was appointed to a newly created

exempt position, titled BHU Technical Coordinator **Exhibit #10** CE

Minutes.

14) Rebecca Craigmile, ("HRM"), April Maycock, ("P.R.") and Chief Judge

Freddie G. Burton, JR. discriminated against me again at age 60, race-

African American, and color (dark complexion) by not allowing Me to

apply for the position of BHU Technical Coordinator. This affected other

protected African American employees who were qualified to perform

the job as well.


I. **I believe that defendants are still committing these acts against me:**

15) Defendants would not allow Plaintiff a protected individual the

opportunity to interview for promotions in around June 2023, the

Defendants Rebecca Craigmile, Human Resources Manager, April

Maycock, Probate Register and Chief Judge Freddie G. Burton, Jr. did not

allow Ms. Stewart to interview for Judge Burton's Courtroom Coordinator position.

16)  Again, when the three defendants created a new Exempt position for the BHU Dept. titled, Behavioral Health Unit Technical Coordinator did not post the position and appointed a younger Caucasian employee without allowing internal employees, protected individuals under Title VII of the Civil Rights Act of 1974 as amended, and the Age Discrimination Employment Act of 1967, as amended, apply for the position.

17)  The Human Resources Manager and Behavioral Health Unit Liaison Manager continues discriminating against Protected Individuals by hiring a Caucasian less qualified external employee in a position that a qualified internal African American protected individual requested a demotion.

18)  Stewart is still experiencing discrimination each time I receive my paycheck with a 7% decrease.  Defendants Rebecca Craigmile and April Maycock had no obligation to reduce Ms. Stewart salary.

19)  Wayne County Probate Court Rebecca Craigmile, Human Resources Manager, April Maycock, Probate Register, and Chief Judge Burton, has a

history of discrimination Against African American Employees and favoring Caucasian Employees by changing their job Titles to increase their salary in around 2020, 2022, and 2023.

20)   I believe all three defendants are still retaliating against me, because I haven't received an increase. It's my understanding when Union employees get an increase in salary, the Non-Exempt and Exempt employees would receive the same increase.  Which I haven't received, and I believe I might be the only Non-exempt Administrative Assistant employee at this time and the only Administrative Assistant that had to sign an Employee Agreement.

21)   In and around June or July Bullying Conduct continued with Kristina Morgan BHU Liaison Manager requiring Plaintiff to work onsite every Wednesday assisting BHU Mental Health Clerk VI with walk ins. But she the Manager never offered overtime to the Plaintiff when it was available for her Dept.

22)   I believe Bullying and Retaliation continues. On August 9, 2023, Kristina Morgan, Behavioral Health Unit Liaison Manager, made the Plaintiff the butt of her joke and other employees joined in.  Bullying Conduct and Retaliation continued by manager Kristina Morgan,

Behavioral Health Unit Liaison Manager, towards Plaintiff a protected individuals under Title VII of the Civil Rights Act of 1974 as amended, and the Age Discrimination Employment Act of 1967, as amended, did the following acts: **Exhibit #11** Employee Handbook/Anti Bullying Policy.

23)     On August 2, 2023, inflicting menial tasks not in keeping with the normal responsibilities of the job.

24)     August 9, 2023, verbal bullying using a person as butt, too her joke.

25)     August 21, 2023, the plaintiff was given incorrect information by the manager just to be corrected later that day.

26)     On August 30th Kristina Morgan, BHU Liaison Manager is talking very loud and dismissive when Plaintiff was assisting an onsite customer.

27)     Manipulating the ability of Ms. Stewart to do her work (e.g., overloading, underloading, assigning meaningless tasks)

28)     August 30, 2023, Kristina Morgan, BHU Liaison Manager, decided she would have a discussion off the record with the Plaintiff Ms. Stewart and one other employee where she made unacceptable unprofessional comments which Plaintiff believes were directed towards her and the other employee, Protected individuals.

29) Kristina Morgan, BHU Liaison Manager and Rebeccas Craigmile, Human Resources Manager, is practicing continued retaliation against Plaintiff and other protected individuals by changing the conditions on which BHU staff are allowed to use their vacation and sick time. Which are not inflicting on any other Wayne County Probate Court Employees.

30) Deliberately excluding an individual or isolating them from work related activities such as meetings.

31) The Policies written in the Employee Handbook regarding discrimination and Anti-Violence / Bullying Policy is overwritten by the unspoken / invisible Culture belief system where CEO's, Managers and Supervisors practices/discrimination against protected individuals regarding age, race retaliation and Bullying.

32) I believe I am being subjected to discrimination based on my race (African American dark complexion / Black skin), denied promotions, harassed, and subjected to demotion (pay) based on my race and age (60). I believe I am receiving less pay comparable to employees outside of my protected class for race and age. I believe I am being subjected to retaliation for engaging in a protected activity. In violation of Title VII of the Civil Rights Act of 1964 as amended, and the Age Discrimination

Employment Act of 1967, amended. When I requested a new position and complained about the unfair treatment and when I filed the EEOC complaint.

33) Exhaustion of Federal Administrative Remedies

34) It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on November 6, 2021.

35) The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter which I received on June 22, 2023.

## J.    Relief

Plaintiff, Ms. Stewart, respectfully requests that this Honorable Court enter judgement against Defendants: Wayne County Probate Court, Rebecca Bingham, Human Resources Manager, April MayCock, Probate Register and Chief Judge Burton for practicing discrimination.  In violation of Title VII of the Civil Rights Act of 1964 as amended, and the Age Discrimination Employment Act of 1967, amended age Discrimination. Race and Color -Unequal terms and conditions of my employment.

A. Compensatory damages, Exemplary damages, Punitive damages; and,

B.  An Order from this Court prohibiting any further acts of wrongdoing or retaliation against the plaintiff.

C.  An award of interest and cost.

D.  Granting such Additional relief to Ms. Stewart as may be deemed just and proper.

36)  WCPC never allows me to receive proper compensation for working out of class 17 weeks which equals approx. $4,199.32.

37)  I also performed out of class duties from June 13, 2022, to in or around November 2022 totaling 12 weeks equals approx. $3,386.04.

38)  Being denied a promotion in Oct. 2021, approx. $30,000.00 Not being considered for two promotions I applied for in Oct. 2021 and August 2022.  I'm unsure of the amount of damages for this act.

39)  Not being allowed to apply for an exempt position I was qualified for unsure of this salary for this position.

40)  To restore my salary prior to demotion.7% for 29 weeks plus weeks to present equal estimate, $3869.01.

Compensatory damages

$ 4,199.32, est.

$ 3,386.04, est.

$30,000.00, est.

$ 3,869.01, est. =

**$41,454.37**

$10,000.00 (punitive)=

**$51,454.37, estimated total**

Plaintiff is entitled to Compensation and Punitive damages because Defendants acted with malice, reckless indifference to Ms. Stewart's federally protected rights and authorized or had knowledge of the employee who committed such acts. Punitive damages estimate, $10,000.00 or what the court deem is just and proper for discriminatory acts that is continuing at the present time by leadership that are trusted to conduct themselves with integrity fairness and justice for all including Court employees.

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of knowledge, information, and belief that this complaint: (1) is not being presented an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further

investigation or discovery; and (4) the complaint otherwise complies with

requirements of Rule 11.

**For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where

case-related papers may be served.  I understand that my failure to keep

the current address on file with the Clerk's Office may result in the dismissal

of my case.

9.8.2023

**Date**

**Bridget Stewart/ Plaintiff**
**18473 Glastonbury Rd.**
**Detroit, MI  48219**
**Stewartbridget015@gmail.com**

# EXHIBITS

**# 1.** EEOC – Dismissal and Notice of Rights to Sue

**# 2.** Letter Request Demotion to Judge Paolucci Courtroom

**# 3.** Behavioral Health Unit Administrative Assisting Job Description

**# 4.** Human Resources Assistant Job Announcement

**# 5.** Email Scheduling Behavioral Health Unit Liaison Interview

**# 6** Demotion Letter from Human Resources

**# 7** Email Original Employee Agreement

**# 8** Email Modified Employee Agreement

**# 9** Email Gift Card from Probate Register

**#10** CE Meeting Minutes

**#11** WCPC Employee Handbook Anti-Violence / Bullying Policy

# <u>Exhibit # 1</u>

EEOC – Dismissal and Notice of Rights to Sue

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Detroit Field Office**
477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 774-0020
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/22/2023

To: Mrs. Bridget D. Stewart
18473 Glastonbury
DETROIT, MI 48219
Charge No: 471-2022-04326

*EEOC Representative and email:*   ALEXA KEMPTON
Enforcement Supervisor
alexa.kempton@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 471-2022-04326.

On behalf of the Commission,

Digitally Signed By:Michelle Eisele
06/22/2023
Michelle Eisele
District Director

**Cc:**
Rebecca  Craigmile
2 woodward ave. 1305 Coleman A. Young Municipal Center
DETROIT, MI 48226

Shaun  Ayer
3011 W GRAND BLVD STE 2500
Detroit, MI 48202

Amy  Robertson
3011 W GRAND BLVD STE 2500
Detroit, MI 48202

Andrea M Frailey
Miller Cohen, PLC
7700 Second Ave, Ste 335
Detroit, MI 48202


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 471-2022-04326 to the District Director at Michelle Eisele, 101 West Ohio St Suite 1900

Indianapolis, IN 46204.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

# Exhibit # 2

Letter Request Demotion to Judge Paolucci Courtroom

May 3, 2022

April Maycock, Probate Register     Rebecca Craigmile, Human Resources Manager

**This letter is to request a voluntary demotion to serve as a Court Clerk II to the honorable Judge Paolucci.**

My decision was very hard to make, but it is the best thing to do and perfect timing. When I look back over how often I was required to perform all the jobs in the HR dept. in the absence of the Manager, with no extra compensation or out of class pay, it saddens me and has caused me so much stress. I've worked under these conditions on many occasions, the previous Manager took off work often which included so many half days. One time I worked without any help or extra compensation as long as 12 weeks. This was a difficult time because I was experiencing severe headaches and becoming angry with the demands the job placed on me without proper compensation. I was ashamed I allowed management to do this to me, but I still held my head high and worked as hard as I could to keep things moving forward in the HR Dept.

The last time I was forced to work under these conditions was February 25th thru April 18th, 2022. Management decided to offer me overtime, toke two task away and divided them between three employees. The overtime helped me keep up with some of the responsibilities of the Dept. However, I found myself doing a lot of overtime and working so hard that I was getting burnt out and at times teary, sad, irritable/angry and experiencing terrible headaches. I felt like I would never dig my way out of this hole I was constantly being thrown in and I believe it will happen again.

Prior to the new HR Manager being hired, the Probate Register offered the HR Manager/Assistant Manager position to an employee who had no degree and hadn't worked in HR. The employee declined after they asked me if I could support them in this role, I just couldn't commit to training them at that time. This was a shock to me, very humiliating to be over looked and disregarded after I had successfully performed the job without extra pay or out of class pay so many times. I had worked so hard to prove myself that this practically broke me into pieces, so embarrassing. I knew it was time for me to accept management was never going to treat me fair. This situation was still causing me to have constant headaches and I wasn't sleeping at night. My husband and son kept asking me what was wrong, stating you're not the same person, I was too ashamed to say how I was letting management treat me. I decided this is getting out of hand and affecting my family, it's time to see my doctor to get help for the headaches, crying spells and not sleeping. The Dr. asked what has happened to cause this sadness. I explained, she then gave me some information on how to identify, cope with and handle stress. She also required I make a follow-up appointment because stress is very serious.

I will no longer allow management to treat me this way. I've done all I can do, my absolute best and I'm still undervalued, unappreciated, undercompensated, humiliated and disrespected. Management has taken advantage of my work ethics by making them my weakness. I cannot allow managers to mask their inabilities and disguise their lack of work ethics by taking credit for all the work they require of me.

If I were to stay in the HR dept. I would be required to continue working in these unreasonable, unfair and unbearable conditions, that has caused me a significant amount of stress that is affecting my health.

This is the best time for me to step down.  The new Manager has a Master's degree and many years of experience that should help move the Dept. forward.   I'm certain she can master this with all her qualifications, especially since I kept the Dept. running on my own with just experience.

 I've learned a lot working in HR, I also understand and I'm committed to honor and respect the confidentiality agreement I signed. I regret having to change depts. but for health reasons and on my Doctors recommendation I must remove myself from all stressful situations now.  I've accepted I can't change what management thinks of me or how they might treat me.  But I can take care of myself by changing my current situation to insure it benefits my health, family and over all happiness.

Please accept this voluntary demotion request to serve as a Court Clerk II for Judge Paolucci.  This will allow me the opportunity to continue my next 2.5 years of employment with the Court using my knowledge, experience, skills, and work ethics in another position where I can support a team of more than just me assigned to do most of the work. I know once I'm in a less stressful situation, I can entertain the idea of working past my retirement date.


Thank you,

*Bridget Stewart*

Human Resources Assistant

# Exhibit # 3

Behavioral Health Unit Administrative Assisting Job Description

## WAYNE COUNTY PROBATE COURT

**Job Title**: Behavioral Health Unit Administrative Assistant

**Location**: Wayne County Probate Court

**Description**:

The BHU Administrative Assistant will be responsible for supporting functions of the Behavioral Health Unit as well as the customer service relations in the Probate Court.

**Responsibilities**:

- Provide advanced administrative support for the BHU Liaison.
- Responsible for the review and preparation of documents and materials used for training, meetings, and correspondence.
- Composes and finalizes by review for content, grammar, spelling, and punctuation all products of the unit.
- The position maintains schedules, draft forms, creates spreadsheets, and creates and maintains data.
- Maintains the BHU Liaison's calendar and responds to requests for meetings.
- Responsible for scheduling and coordinating meetings and trainings with staff, as well as other agencies.
- Responsible for taking, transcribing, typing, and disseminating meeting minutes.
- Performs a wide variety of administrative support duties utilizing independent judgment in making decisions, while maintaining confidentiality
- Answering phones and email correspondences, including court wide informational correspondence.
- Accurate maintenance and entry of information obtained from court orders in various systems and applications
- Provide information and customer service to the public within scope of authority.
- Making sure customer concerns and questions are answered, including directing. questions to the correct person as needed. Ensuring that they are followed up with.
- Creating documents, including some administrative typing, maintaining & updating of forms.
- Documenting policies, processes and procedures for the BHU and courtroom related functions.
- Handling outgoing mail and incoming mail.
- Filing, scanning, and purging of files, as needed.
- Assist with training for current and incoming WCPC Courtroom staff/Judges on completing petitions, orders and additional workflow.
- Assess training needs for all courtroom staff through interviews with employees, supervisors, managers and judges.
- Obtain, organize and develop training procedure manuals, guides or course materials - including handouts or visual materials.
- Monitor, organize and record employee training activities and results.

- Maintains the image of the BHU and the Court through professional, courteous, accurate, and timely responses to requests and inquiries made by the judge, attorneys, coworkers, management and the public as required.
- Assist the BHU Manager with hosting offsite informational seminars and trainings.
- Attend meetings as required
- Conduct meetings with staff as needed.
- Performs others duties as assigned.

# Exhibit # 4

Human Resources Assistant Job Announcement

# JOB ANNOUNCEMENT
# WAYNE COUNTY PROBATE COURT

**POSITION POSTED:** Human Resources Assistant
**ANNUAL SALARY:** $45,000-$73,250
**DATES POSTED:** June 27, 2022 to July 5, 2022
**CLASSIFICATION:** Exempt

## OPEN COMPETITIVE

## DESCRIPTION OF WORK

**PURPOSE:** The Wayne County Probate Court is looking to recruit a highly motivated, self-starting individual seeking a challenging and rewarding Human Resources experience that provides the opportunity to grow. The Human Resources Assistant will be responsible for supporting all functions of the Human Resources Department. This position is classified as an exempt position and will be filled by appointment of the Chief Judge.

**APPLICATION CRITERIA:** This position is an open competitive position, open to all Wayne County Probate Court employees and outside applicants. Bachelor's degree in Human Resources or related area is preferred, relevant experience may be considered in lieu of Bachelor's degree. Strong oral and written communication skills are required. A strong focus on detail, accuracy and speed are crucial skills for this position. The successful candidate must also be proficient in all hardware and software applications in use by the Court including MS Office Applications and Kronos.

**DESCRIPTION OF WORK:**

- Entry Level – Human Resources Knowledge
- Excellent verbal and written communication skills
- New hire recruitment, testing and screening processes.
- Coordinating the promotional process.
- Process and record employee information and employment changes.
- Maintain employee evaluation process.
- Maintaining accurate employment records as required by law, practice and policy.
- Provide support during contract negotiations.
- Implementation of negotiated contracts.
- Explain company personnel policies, benefits and procedures to employees or job applicants.
- Update and maintain Employee Handbook.
- Provide a full spectrum of clerical support.
- Assist and Support the Training Coordinator.
- Must possess a positive, friendly attitude and be a team player.
- Additional duties and responsibilities as may be assigned by management.

**QUALIFICATIONS:** Will be determined through an oral interview held by a management panel appointed by the employer to determine the applicant's ability to do the job. Employee education, experience, attendance, disciplinary record, aptitude, and performance evaluations are among the factors considered in assessing an applicant's fitness and ability. The Chief Judge has full discretion in making this appointment.

**GENERAL INFORMATION:** Inside applicants shall use the promotional examination application form currently used by the Court. Outside applicants shall use the application for employment form. Forms may be obtained from the Human Resources Department _or_ retrieved from the EUG. Applications must be accompanied with a cover letter and résumé. Applicants will be timely notified of the time and place of the interview. If you are handicapped, you must notify the Employer in writing of the need for accommodation in connection with job duties. This is an at-will position and the successful applicant serves at the pleasure of the Chief Judge.

**AMERICANS WITH DISABILITIES INFORMATION IS AVAILABLE IN THE PERSONNEL OFFICE**

*AN EQUAL OPPORTUNITY EMPLOYER*

Page | 1

# **Exhibit # 5**

Email Scheduling Behavioral Health Unit Liaison Interview

12/30/22, 4:53 PM                                                    Gmail - FW: Interview

 Gmail                                          **bridget stewart <stewartbridget015@gmail.com>**

## FW: Interview
1 message

**Bridget Stewart** <BStewart@wcpc.us>                              Wed, Oct 13, 2021 at 4:35 PM
To: "stewartbridget015@gmail.com" <stewartbridget015@gmail.com>

**From:** Alana Benson
**Sent:** Wednesday, October 13, 2021 3:58 PM
**To:** Bridget Stewart
**Subject:** Interview

Thank you your patience Ms. Bridget,

Your interview is scheduled for October 18th at 12:40 p.m., please use the following information, please remember to familiarize yourself with zoom prior to the interview:

Alana Benson is inviting you to a scheduled Zoom meeting.

Topic: **Interviews BHU**

Time: Oct 18, 2021 12:40 PM Eastern Time (US and Canada)

Join Zoom Meeting

https://us06web.zoom.us/j/8789427681

Meeting ID: 878 942 7681

Passcode: 470463

One tap mobile

+13017158592,,8789427681#,,,,*470463# US (Washington DC)

+13126266799,,8789427681#,,,,*470463# US (Chicago)

We wish you the very best!

https://mail.google.com/mail/u/0/?ik=91c70819de&view=pt&search=all&permthid=thread-f%3A1713540496032325896&simpl=msg-f%3A1713540496...   1/2

*Alana Benson*

Pronouns: She/Her (*What's this?*)

Human Resource Manager

Human Resources / Labor Relations

Wayne County Probate Court

2 Woodward Ave., Room 1305

Detroit, MI  48226

313-224-8373

Fax: 313-967-4022

12/30/22, 4:58 PM                                    Gmail - FW: Next week

 Gmail                                    **bridget stewart <stewartbridget015@gmail.com>**

## FW: Next week
2 messages

**Bridget Stewart <BStewart@wcpc.us>**                         Fri, Oct 8, 2021 at 2:57 PM
To: "stewartbridget015@gmail.com" <stewartbridget015@gmail.com>

Ok great! You should be, he only picked you an 2 other candidates. I will keep you posted!

*Alana Benson*

Pronouns: She/Her (*What's this?*)

Human Resource Manager

Human Resources / Labor Relations

Wayne County Probate Court

2 Woodward Ave., Room 1305

Detroit, MI  48226

313-224-8373

Fax:  313-967-4022

**From:** Bridget Stewart
**Sent:** Friday, October 8, 2021 1:35 PM
**To:** Alana Benson
**Subject:** RE: Next week

Yes, Alana you can call or text.

I'm very excited to meet with the Judge.

Thank you,

Bridget Stewart

Human Resources Assistant

Wayne County Probate Court

https://mail.google.com/mail/u/0/?ik=91c70819de&view=pt&search=all&permthid=thread-f%3A1713078988831308790&simpl=msg-f%3A1713078988...    1/2

bstewart@wcpc.us

**From:** Alana Benson
**Sent:** Friday, October 8, 2021 1:11 PM
**To:** Bridget Stewart
**Subject:** Next week

Bridget,

Just been informed that Judge would like to meet with you regarding the BHU position, he is working on dates, once the date is finalized are you ok with me texting or calling you?

Congratulations!

*Alana Benson*

Pronouns: She/Her (*What's this?*)

Human Resource Manager

Human Resources / Labor Relations

Wayne County Probate Court

2 Woodward Ave., Room 1305

Detroit, MI  48226

313-224-8373

Fax: 313-967-4022

**Bridget Stewart** <BStewart@wcpc.us>                           Fri, Oct 8, 2021 at 2:55 PM
To: "stewartbridget015@gmail.com" <stewartbridget015@gmail.com>

[Quoted text hidden]

# Exhibit # 6

Demotion Letter from Human Resources

## Bridget Stewart

| | |
|---|---|
| **From:** | Rebecca Craigmile |
| **Sent:** | Wednesday, June 8, 2022 2:16 PM |
| **To:** | Bridget Stewart |
| **Cc:** | April Maycock |
| **Subject:** | Demotion Letter BHU Administrative Assistant |
| **Attachments:** | Demotion Letter B Stewart.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Hello Bridget,

Please see the attached letter for your records regarding the demotion to the BHU Administrative position effective Monday, June 13th.

Warm Regards,

Rebecca Craigmile
Human Resources Manager
Wayne County Probate Court
*Pronouns: She/Her/Hers* (*What's this?*)
Mobile Phone: 313.804.8589
rcraigmile@wcpc.us

1



FREDDIE G. BURTON, JR.
JUDY A. HARTSFIELD
FRANK S. SZYMANSKI
TERRANCE A. KEITH
LISA MARIE NEILSON
DAVID BRAXTON
LAWRENCE J. PAOLUCCI
DAVID A. PERKINS
   JUDGES OF PROBATE

COUNTY OF WAYNE     STATE OF MICHIGAN

THE PROBATE COURT FOR

**FREDDIE G. BURTON, JR**
CHIEF JUDGE OF PROBATE

**DAVID BRAXTON**
CHIEF JUDGE PRO TEMPORE

**APRIL K. MAYCOCK**
PROBATE REGISTER

*JEANNE S. TAKENAGA*
*PROBATE REGISTER 1990-2011*

June 8, 2022

Bridget Stewart
18473 Glastonbury
Detroit, MI 48219

Re:  **_BHU Administrative Assistant_**

Dear Ms. Stewart:

As was discussed in a meeting with you, April Maycock, Probate Register, and I on June 6, 2022; based your demotion request dated May 3, 2022, you will be reassigned  to the Behavioral Health Unit as the BHU Administrative Assistant effective Monday, June 13, 2022.  You are expected to report to your new assignment on this date.  As was also discussed, per the demotion, your current salary will be reduced by 7% and your new annual salary will be $49,554.

Your supervisor will be Kristina Morgan, BHU Manager.  In your new position, please feel free to discuss any questions you may have regarding expectations with them.  As with any reassignment, you will be on a trial period for six (6) months and will be evaluated every two (2) months during the trial period.

If you have any questions, or need any additional information, please contact me.

Sincerely,

Rebecca Craigmile
Manager
Human Resources & Labor Relations

cc:   Hon. Freddie G. Burton, Jr. Chief Judge
      April Maycock, Probate Register
      Kristina Morgan, BHU Manager

# Exhibit # 7

Email Original Employee Agreement



From: Rebecca Craigmile <RCraigmile@wcpc.us>
Sent: Friday, July 29, 2022 2:15 PM
To: Bridget Stewart <BStewart@wcpc.us>
Subject: Employment Agreement

Hello Bridget,

As you are aware, all exempt employees receive an exempt employment agreement. Please see the attached agreement regarding the BHU Administrative Assistant for your rev
signature. As soon as you are able, please return back.

Warm Regards,

Rebecca Craigmile



**Bridget Stewart**

Thank you.

Bridget Stewart
Administrative Assistant to
Kristina Morgan
Behavioral Health Liaison Manager
bstewart@wcpc.us



From: Rebecca Craigmile <RCraigmile@wcpc.us>
Sent: Thursday, August 25, 2022 11:46 AM
To: Bridget Stewart <BStewart@wcpc.us>
Subject: FW: Employment Agreement

Hello Bridget,

Is there an update regarding the attached employment agreement I fowarded a few weeks ago?

Warm Regards,

Rebecca Craigmile
Human Resources Manager
Wayne County Probate Court
Pronouns: She/Her/Hers (What's this?)
Mobile Phone: 313-804-8589
Fax: 313-967-4022
wcpc probate website

One attachment · Scanned by Gmail



 B Stewart Exempt ...

**Bridget Stewart**

Thank you,



*Bridget Stewart*
Administrative Assistant to
Kristina Morgan
Behavioral Health Liaison Manager



**From:** Rebecca Craigmile <RCraigmile@wcpc.us>
**Sent:** Thursday, August 25, 2022 4 25 PM
**To:** Bridget Stewart <BStewart@wcpc.us>
**Subject:** RE. Employment Agreement

Hello,

This has been received.  As soon as I have the signature from Judge Burton I will forward you a copy.

Have a wonderful rest of your evening.

Warm Regards,

Rebecca Craigmile
Human Resources Manager
Wayne County Probate Court
Pronouns:  She/Her/Hers (*What's this?*)
Mobile Phone: 313.804.8589
Fax: 313-967-4022
rcraigmile@wcpc.us

# AGREEMENT

AGREEMENT by and between the **Wayne County Probate Court** ("the Court"), by the Honorable Freddie G. Burton, Jr., Chief Judge acting for the Court pursuant to MCR 8.110 and MCLA 600.833, and **Bridget Stewart** ("**Employee**"). The Court agrees to employ Bridget Stewart as a BHU Administrative Assistant in the Department of the Behavioral Health Unit on the terms and conditions as set forth below:

1. TERM. This Agreement will remain in full force and effect starting June 13, 2022, unless terminated as provided in Paragraph 2 below and serves to terminate any and all previous agreements between Bridget Stewart and the Wayne County Probate Court.

2. STATUS AND TERMINATION.

   As a BHU Administrative Assistant in the Department of Behavioral Health Unit, Bridget Stewart serves solely at the discretion of the Chief Judge of Wayne County Probate Court and their employment under this Agreement is at-will. This appointment may be terminated by the Chief Judge, at any time, with or without prior notice and with or without cause.

3. DUTIES. Bridget Stewart agrees to perform the duties and functions established for the position of BHU Administrative Assistant in the Department of Behavioral Health Unit, and such other duties as the Chief Judge, or his designee, may assign. Bridget Stewart agrees to remain in the Court's exclusive employ during the term of this Agreement unless termination occurs pursuant to Paragraph 2.

   The term "exclusive employ" as used in this paragraph shall not be construed to include outside employment which does not conflict with the duties of the position covered by this Agreement, or the policies and interests of Wayne County Probate Court as approved in writing by the Chief Judge. Whether or not a conflict exists will be determined in the Chief Judge's sole discretion.

   Bridget Stewart agrees to only engage in such outside employment as determined to be appropriate and not in conflict with the duties of their position. Bridget Stewart must request and receive the express written approval of the Chief Judge of Probate

Court before engaging in the employment. The employment must only occur outside normal working hours.

4. HOURS OF WORK. Bridget Stewart agrees to working hours as established by the Chief Judge, including periods that may extend beyond the normal business hours of the Court.

5. SALARY. Subject to standard federal, state and local withholdings, the Court agrees to pay Bridget Stewart an annual salary of $49,554. All future increases and decreases in the Employee's salary shall be at the sole discretion of the Chief Judge. For the term of this Agreement, Bridget Stewart shall be considered an exempt salaried employee and shall not be eligible for overtime compensation. Such payments shall be made in accordance with the Court's Payroll policies and procedures that may be amended from time to time.

6. EMPLOYEE BENEFITS.

   Bridget Stewart shall receive the applicable benefits contained in the "*Wayne County Executive and Non-Executive Benefits Plan*" in effect during the course of this Agreement, except those benefits expressly modified by the Chief Judge.

7. CONFLICT OF INTEREST. Bridget Stewart agrees not to engage in any activity, alone or with an individual or organization which directly or indirectly conflicts with the interests of the Court, including, but not limited to, the agreement not to become employed with a vendor of the Court, or to provide services to a vendor of the Court, while employed by the Court and for a period of six (6) months following separation of employment with the Court. Employee agrees that this paragraph of the Agreement shall survive the expiration of the Agreement.

8. INDEMNIFICATION. To the extent allowed by law, the Court agrees to defend and indemnify Bridget Stewart from civil claims, which result from an action taken by them during the course of and within the scope of their employment. The determination of whether Bridget Stewart was acting within the scope and course of their employment shall be made by the Chief Judge. In the event the decision is made to defend and/or indemnify, the Court shall appoint the attorney who will represent Bridget Stewart. All costs of defense shall be limited to the usual and customary fees and costs charged for similar work charged by most attorneys practicing in

Downtown Detroit. The most recent Economics of Law Practice Survey published by the State Bar of Michigan shall also be used to assist in determining the legal fees to be paid.

Upon receipt of notice of any claim or action, Bridget Stewart agrees to immediately notify the Chief Judge, in writing, and to cooperate fully in the defense of the action. In the event Bridget Stewart fails to immediately notify the Chief Judge and/or to fully cooperate, in the opinion of the Chief Judge, any agreement to defend and indemnify will be nullified. The Court will not be liable for the payment of costs, judgment, fees, or settlement where Bridget Stewart is found to have committed an intentional tort, a grossly negligent act, a criminal act, or other act outside the course and scope of their employment with the Court. All settlements are subject to the approval of the Chief Judge.

9. GENERAL.

   a. The Court shall determine all other terms and conditions of employment.

   b. No employee or agent of the Court has the authority to modify this Agreement, or any portion of it. Any modifications or waiver of the Agreement, or any portion of it, is not valid unless in writing, and signed by the Chief Judge.

   c. Bridget Stewart agrees that they will maintain the confidentiality of the Court's records and information, and that they will not disclose information about the Court, its employees, Judges, or customers, without the written consent of the Chief Judge.

   d. The term "Chief Judge" as used in this Agreement, includes any person having the legal authority to act in the place of the Chief Judge of Probate Court.

   e. The text herein constitutes the entire Agreement between the parties and there are no other agreements, oral or written. Bridget Stewart agrees to comply with the rules of the Wayne County Probate Court, including but not limited to the Employee Handbook and the Model Code of Conduct for Michigan Trial Court Employees.

   f. If any provisions, or portion thereof, contained in this Agreement is held

unconstitutional, invalid, or unenforceable, by a court of competent jurisdiction, the remainder of this Agreement, or portion thereof, shall not be affected and shall remain in full force and effect.

10. STATUTE OF LIMITATIONS.

a. In consideration of their employment, Bridget Stewart agrees to conform to the rules and policies of the Court. To the extent permitted by state law, Bridget Stewart understands and agrees that they shall not commence any state law action or suit related to their employment with the Wayne County Probate Court: 1) More than six (6) months after the termination of their employment, if the action or suit is related to the termination of their employment; or 2) More than six (6) months after the event or occurrence on which their claim is based, if the action or suit is based on an event or occurrence other than the termination of their employment.

b. While Bridget Stewart understands that the statute of limitations for state law claims arising out of their employment with the Wayne County Probate Court may be longer than six (6) months, they agree to be bound by the six (6) month period of limitations set forth herein and waives any statute of limitations to the contrary.

c. Should a court determine in some future lawsuit that this provision allows an unreasonably short period of time to commence a lawsuit, the court shall enforce this provision as far as possible and shall declare the lawsuit barred unless it was brought within the minimum reasonable time within which the suit should have been commenced.

d. To the extent permitted by law, Bridget Stewart understands and agrees that any federal law claim or lawsuit relating to their employment with the Wayne County Probate Court must be filed no more than one hundred eighty-five (185) days after the date of filing a proper and timely charge with EEOC, Michigan Employment Relations Commission or any other administrative agency has expired. While they understand that the statute of limitations for claims for claims arising out of an employment action may be longer than one hundred eighty-five (185) days, Bridget Stewart waives any statute of

limitations to the contrary.

e.  By signing this document, Bridget Stewart certifies that they have read the legal disclosures and agreement set forth above, had at least three (3) days to *discuss the legal disclosures and agreement with counsel of their choice, and* decided to move forward, and understand that without their agreement to the legal disclosures and agreements, the Wayne County Probate Court would not consider their application for employment. They further understand and request that the limitations be strictly enforced and that they are signing this document and agreeing to the limitations set forth of their own free will.

11. <u>CHOICE OF LAWS</u>.

   a.  This Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Michigan.

12. <u>EXECUTION</u>  The Court has caused this Agreement to be signed and executed on its behalf by its Chief Judge, and Employee has signed and executed this Agreement to be effective the day and year first written above.

**WAYNE COUNTY PROBATE COURT:**

BY: _____  DATE: 9/14/2022

FREDDIE G. BURTON, JR.
CHIEF JUDGE

**EMPLOYEE:**

BY: _____  DATE: 8/25/2022

BRIDGET STEWART
EMPLOYEE

# Exhibit # 8

Email Modified Employee Agreement

## Bridget Stewart

| | |
|---|---|
| **From:** | Rebecca Craigmile |
| **Sent:** | Friday, February 3, 2023 2:51 PM |
| **To:** | Bridget Stewart |
| **Subject:** | Employee Agreement Corrected |
| **Attachments:** | B Stewart Exempt Contract 7 29 2022_.pdf |

Hello Bridget,

Please see your attached agreement.  It reflects the error on page two, section five and its correction.

Warm Regards,

Rebecca Craigmile
Human Resources Manager
Wayne County Probate Court
*Pronouns:  She/Her/Hers* (*What's this?*)
Mobile Phone: 313.804.8589
Fax: 313-967-4022
rcraigmile@wcpc.us

1

# A̲GREEMENT̲

**AGREEMENT** by and between the **Wayne County Probate Court ("the Court")**, by the Honorable Freddie G. Burton, Jr., Chief Judge acting for the Court pursuant to MCR 8.110 and MCLA 600.833, and **Bridget Stewart ("Employee").** The Court agrees to employ Bridget Stewart as a BHU Administrative Assistant in the Department of the Behavioral Health Unit on the terms and conditions as set forth below:

1. TERM.  This Agreement will remain in full force and effect starting June 13, 2022, unless terminated as provided in Paragraph 2 below and serves to terminate any and all previous agreements between Bridget Stewart and the Wayne County Probate Court.

2. STATUS AND TERMINATION.

   As a BHU Administrative Assistant in the Department of Behavioral Health Unit, Bridget Stewart serves solely at the discretion of the Chief Judge of Wayne County Probate Court and their employment under this Agreement is at-will.  This appointment may be terminated by the Chief Judge, at any time, with or without prior notice and with or without cause.

3. DUTIES.  Bridget Stewart agrees to perform the duties and functions established for the position of BHU Administrative Assistant in the Department of Behavioral Health Unit, and such other duties as the Chief Judge, or his designee, may assign. Bridget Stewart agrees to remain in the Court's exclusive employ during the term of this Agreement unless termination occurs pursuant to Paragraph 2.

   The term "exclusive employ" as used in this paragraph shall not be construed to include outside employment which does not conflict with the duties of the position covered by this Agreement, or the policies and interests of Wayne County Probate Court as approved in writing by the Chief Judge. Whether or not a conflict exists will be determined in the Chief Judge's sole discretion.

   Bridget Stewart agrees to only engage in such outside employment as determined to be appropriate and not in conflict with the duties of their position.  Bridget Stewart must request and receive the express written approval of the Chief Judge of Probate

Court before engaging in the employment.  The employment must only occur outside normal working hours.

4.  HOURS OF WORK.  Bridget Stewart agrees to working hours as established by the Chief Judge, including periods that may extend beyond the normal business hours of the Court.

5.  SALARY.  Subject to standard federal, state and local withholdings, the Court agrees to pay Bridget Stewart an annual salary of $49,554.  All future increases and decreases in the Employee's salary shall be at the sole discretion of the Chief Judge.  For the term of this Agreement, Bridget Stewart ~~shall be considered an exempt salaried employee and shall not be eligible for overtime compensatio~~n.  Such payments shall be made in accordance with the Court's Payroll policies and procedures that may be amended from time to time.

2/2/23 Correction to language on original agreement, this section should read "shall be considered a non-exempt employee and shall be eligible for overtime compensation."

6.  EMPLOYEE BENEFITS.

Bridget Stewart shall receive the applicable benefits contained in the *"Wayne County Executive and Non-Executive Benefits Plan"* in effect during the course of this Agreement, except those benefits expressly modified by the Chief Judge.

7.  CONFLICT OF INTEREST.  Bridget Stewart agrees not to engage in any activity, alone or with an individual or organization which directly or indirectly conflicts with the interests of the Court, including, but not limited to, the agreement not to become employed with a vendor of the Court, or to provide services to a vendor of the Court, while employed by the Court and for a period of six (6) months following separation of employment with the Court. Employee agrees that this paragraph of the Agreement shall survive the expiration of the Agreement.

8.  INDEMNIFICATION.  To the extent allowed by law, the Court agrees to defend and indemnify Bridget Stewart from civil claims, which result from an action taken by them during the course of and within the scope of their employment. The determination of whether Bridget Stewart was acting within the scope and course of their employment shall be made by the Chief Judge. In the event the decision is made to defend and/or indemnify, the Court shall appoint the attorney who will represent Bridget Stewart. All costs of defense shall be limited to the usual and customary fees and costs charged for similar work charged by most attorneys practicing in

Downtown Detroit. The most recent Economics of Law Practice Survey published by the State Bar of Michigan shall also be used to assist in determining the legal fees to be paid.

Upon receipt of notice of any claim or action, Bridget Stewart agrees to immediately notify the Chief Judge, in writing, and to cooperate fully in the defense of the action. In the event Bridget Stewart fails to immediately notify the Chief Judge and/or to fully cooperate, in the opinion of the Chief Judge, any agreement to defend and indemnify will be nullified. The Court will not be liable for the payment of costs, judgment, fees, or settlement where Bridget Stewart is found to have committed an intentional tort, a grossly negligent act, a criminal act, or other act outside the course and scope of their employment with the Court. All settlements are subject to the approval of the Chief Judge.

9. <u>GENERAL</u>.

   a. The Court shall determine all other terms and conditions of employment.

   b. No employee or agent of the Court has the authority to modify this Agreement, or any portion of it. Any modifications or waiver of the Agreement, or any portion of it, is not valid unless in writing, and signed by the Chief Judge.

   c. Bridget Stewart agrees that they will maintain the confidentiality of the Court's records and information, and that they will not disclose information about the Court, its employees, Judges, or customers, without the written consent of the Chief Judge.

   d. The term "Chief Judge" as used in this Agreement, includes any person having the legal authority to act in the place of the Chief Judge of Probate Court.

   e. The text herein constitutes the entire Agreement between the parties and there are no other agreements, oral or written. Bridget Stewart agrees to comply with the rules of the Wayne County Probate Court, including but not limited to the Employee Handbook and the Model Code of Conduct for Michigan Trial Court Employees.

   f. If any provisions, or portion thereof, contained in this Agreement is held

unconstitutional, invalid, or unenforceable, by a court of competent jurisdiction, the remainder of this Agreement, or portion thereof, shall not be affected and shall remain in full force and effect.

10. <u>STATUTE OF LIMITATIONS</u>.

    a. In consideration of their employment, Bridget Stewart agrees to conform to the rules and policies of the Court. To the extent permitted by state law, Bridget Stewart understands and agrees that they shall not commence any state law action or suit related to their employment with the Wayne County Probate Court: 1) More than six (6) months after the termination of their employment, if the action or suit is related to the termination of their employment; or 2) More than six (6) months after the event or occurrence on which their claim is based, if the action or suit is based on an event or occurrence other than the termination of their employment.

    b. While Bridget Stewart understands that the statute of limitations for state law claims arising out of their employment with the Wayne County Probate Court may be longer than six (6) months, they agree to be bound by the six (6) month period of limitations set forth herein and waives any statute of limitations to the contrary.

    c. Should a court determine in some future lawsuit that this provision allows an unreasonably short period of time to commence a lawsuit, the court shall enforce this provision as far as possible and shall declare the lawsuit barred unless it was brought within the minimum reasonable time within which the suit should have been commenced.

    d. To the extent permitted by law, Bridget Stewart understands and agrees that any federal law claim or lawsuit relating to their employment with the Wayne County Probate Court must be filed no more than one hundred eighty-five (185) days after the date of filing a proper and timely charge with EEOC, Michigan Employment Relations Commission or any other administrative agency has expired. While they understand that the statute of limitations for claims for claims arising out of an employment action may be longer than one hundred eighty-five (185) days, Bridget Stewart waives any statute of

limitations to the contrary.

e. By signing this document, Bridget Stewart certifies that they have read the legal disclosures and agreement set forth above, had at least three (3) days to discuss the legal disclosures and agreement with counsel of their choice, and decided to move forward, and understand that without their agreement to the legal disclosures and agreements, the Wayne County Probate Court would not consider their application for employment. They further understand and request that the limitations be strictly enforced and that they are signing this document and agreeing to the limitations set forth of their own free will.

11. <u>CHOICE OF LAWS</u>.

a. This Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Michigan.

12. <u>EXECUTION</u> The Court has caused this Agreement to be signed and executed on its behalf by its Chief Judge, and Employee has signed and executed this Agreement to be effective the day and year first written above.

**WAYNE COUNTY PROBATE COURT:**

BY: _____  DATE: 9/14/2022 _____
FREDDIE G. BURTON, JR.
CHIEF JUDGE

**EMPLOYEE:**

BY: _____  DATE: 8/25/2022 _____
BRIDGET STEWART
EMPLOYEE

# Exhibit # 9

Email Gift Card from Probate Register

1/2/23, 3:30 PM                                                    Gmail - FW: Panera

 Gmail                                  **bridget stewart <stewartbridget015@gmail.com>**

## FW: Panera
1 message

**Bridget Stewart <BStewart@wcpc.us>**                              Mon, Apr 4, 2022 at 1:19 PM
To: "stewartbridget015@gmail.com" <stewartbridget015@gmail.com>

**From:** April Maycock
**Sent:** Monday, April 4, 2022 12:55 PM
**To:** Bridget Stewart
**Subject:** Panera

Bridget,

For you!

April K. Maycock

Probate Register/

Director of Information Services

Wayne County Probate Court

*Pronouns:  She/Her/Hers (What's this?)*

amaycock@wcpc.us

**From:** Panera Bread [mailto:do-not-reply@wgiftcard.com]
**Sent:** Monday, April 4, 2022 12:49 PM
**To:** April Maycock
**Subject:** You just received an eGift Card!

View this email online

1/2/23, 3:30 PM                                   Gmail - FW: Panera



# You received an eGift Card!

Please click the **View your eGift Card** button and follow the instructions to print and redeem.

**To:** Bridget

**From:** April

**Value: $15.00**

**View your eGift Card**

**Message:**
Thanks for holding down the fort! I appreciate you!

Gift Card Tracking and Support Center

***WARNING: This email originated from outside of the organization. If you do not recognize the sender do not open attachments or click any links contained in this email unless and know contents are safe.***

# Exhibit # 10

## Court Executive Meeting Minutes



An innovative court where there is complete confidence that all probate matters will be resolved with fairness & integrity

## We Care!

COURTESY
ACCESSIBILITY
RESPONSIVENESS
EFFICIENCY

Mission

We are dedicated to handling all probate matters with C.A.R.E.

# COURT EXECUTIVE MEETING

# MINUTES
## June 15, 2023

**PRESENT:**  April Maycock      **EXCUSED:**    LeRoy Walker
Rebecca Craigmile
Asia Curry
Kristina Morgan
Jennifer Parmalee
Kevin Sanker
Jamar Williams
Janet Witte
Hing Wong

## Old Business

**April Maycock**

### Filing Status:

- The Records Dept. is processing filings dated **June 11**
- The Records Dept is processing ePayments dated **June 13**
- The Probate Counter is processing filings dated **June 12**

### Formal Order Project:

The project of converting all disposition sheets to formal SCAO orders has resumed.   The following orders will be implemented throughout the year:

The next orders to be implemented are the Order Appointing Guardian for Individual with Alleged Developmental Disability, Order Appointing Emergency Temporary Guardian for Individual with Alleged Developmental Disability, Order Regarding Termination/Modification of Guardian for Individual with Alleged Developmental Disability on July 31.

| Initial Petition Orders | | |
|---|---|---|
| 7/31/23 | pc660 | Order Appointing Guardian for Individual with Alleged Developmental Disability |
| 7/31/23 | pc679 | Order Appointing Emergency Temporary Guardian for Individual with Alleged Developmental Disability |
| **Modification Orders** | | |
| 7/31/23 | pc638b | Order Regarding Termination/Modification of Guardian for Individual with Alleged Developmental Disability |

CE Minutes

### Court Calendar Items:

- Asset Refresh; ISD Manager - IT will submit to Probate Register recommendations for fiscal year purchases
- Deficiencies in Guardianship/Conservatorship; ISD (Due June 30): Courtroom staff to work on all SCAO reports.

### Scanning Project:

The Court has approved a contract with Scanning America to digitize the remaining physical files in the Court. The project is expected to be completed by September 30. The first pickup of 1200 boxes of files for scanning **occurred on** June 8.

### 2023 Public Satisfaction Survey:

The State Court Administrative Office has issued instructions for the 2023 Public Satisfaction Survey to be conducted Monday, September 18, 2023, and continue for a minimum of 5 days through Friday, September 22, 2023. Feedback regarding the survey is due to SCAO by June 16, which has been submitted. A training webinar will be held on August 9. **Additional details to be shared closer to the survey dates.**

### Routing Issue Discovered:

It was recently discovered that some users are erroneously sending items from the Fax/Mail queue to the #5 Manual Index queue. Legitimate filings were sent to this queue unbeknownst to the supervisors. **Management has completed the review and distribution of all items.** Management will review the queue regularly going forward.

### DD/DDT Case Workflow:

The DD and DDT filing workflow will be reviewed to ensure that all filings are processed in the BHU, and the applicable filing fees are assessed.

### NetDMS Routing Rules for Court Support Clerk:

ISD will modify the routing rules in NetDMS Routing Rules by July 1 in preparation for the Court Support Clerk implementation.

**Rebecca Craigmile**

### HR Updates:

- Budget: A job posting was created for the accountant position.

2

- Records: There is one vacancy in the department. Recruitment efforts continue.
- CDPR:
  - A job posting was created for the Administrative Assistant position. Testing is scheduled for June 15.
  - A job posting was created for the Court Support Clerk position. Testing is scheduled for June 15.
- Courtrooms:
  - A job posting was created for the Court Clerk II position.
  - A job posting was created for the Court Clerk I position.
  - Lauren Buchanan will be hired as Judge Burton's Courtroom Coordinator. She is anticipated to start on June 26.
- BHU
  - Shereef Noweir will be appointed to a new position, BHU Technical Coordinator, at a date to be determined.

## Remote Work Request:

A new method of recording remote work information was implemented on June 12 using a shared spreadsheet in Teams. Managers, Courtroom Coordinators are to update weekly. Rebecca sent an email on June 8 explaining the changes.

## Working Safely Through COVID-19 Protocols:

Wayne County has updated the Working Safely Through COVID-19 Cycle Protocols. HR has updated the Working Safely Through COVID-19 Cycle for WCPC which became effective June 12. Rebecca sent an email explaining the updates.

**Jennifer Parmalee**

## PowerDMS Policies:

- A new policy was created for the Petition for Continued Hospitalization of Minor and has been finalized by the CE's.
- The Bench Warrant policy will be updated.
- The CZ policies will be updated in late July early August
- A revised JA policy will be implemented on July 1, including configuration of an automated prenotice process for six-month reviews. **Jennifer to email an explanation of changes to attorneys.**

## Tuesday Training Topics to be Scheduled:

- Letters of Authority will be scheduled for June 27
- CZ cases/Case flow in late July/early August

**LeRoy Walker**

## Server Upgrades and Maintenance:

The server and Horizon machine upgrade was completed May 22. Additional

maintenance will be conducted over the next several weekends after hours. The last configuration needed will be the hardware configuration of the old hardware to be repurposed at CAYMC. Additional Horizon licenses will be ordered to accommodate the rare occurrences where all staff will be required to work remotely.

**Metrics Inquiries:**

A ticket has been created with the vendor that hosts the court's website to obtain metrics on usage. The vendor will work to provide real-time access for ISD to obtain this information.

**Transcript Request Process:**

LeRoy is looking into the ability for a secure electronic method to provide video records of court hearings to a court reporter using OneDrive. The current process involves flash drives that are created and physically provided with the court hearing video information.

**Kevin Sanker**

**YouTube Update:**

Kevin continues to create additional videos on how to complete forms on YouTube. His plan is to have them completed sometime by summer. Additional discussion of the most efficient way to link the videos on the Court's website is needed. There are now 20 instructional videos posted, there are approximately 15 left.

**Janet Witte**

**Original Will Retention:**

The physical original wills will be reorganized by the date the will was admitted and retained only for the period in which the will could be contested. **Two new reports have been created in Case Mgmt. – Ad Hoc – R Wills Formal to Destroy and R Will Informal to Destroy. Records will run the reports on a monthly basis to pull and destroy any eligible wills. The original wills will be destroyed one year after the formal closure of the case.**

**New Business**

**April Maycock**

**SCAO Form Revisions for July 2023:**

SCAO has published a list of forms that have been recently revised and posted for use (see below). The older versions of the forms cannot be used after July 31.
- PC 566, Supplemental Testimony to Identify Non-heir Devisees, Testate Estate
- PC 590, Sworn Closing Statement, Summary Proceeding Small Estates
- PC 591, Sworn Statement to Close Unsupervised Administration
- PC 599, Memorandum of Administrative Closing
- PC 634, Annual Report of Guardian on Condition of Legally Incapacitated

4

CE Minutes

Individual
- PC 635, Order Appointing Person to Review/Investigate Guardianship
- PC 654, Annual Report of Guardian on Condition of Minor
- PC 688, Order of Investigation and Notice of Hearing on Guardianship of Indian Child

**Jennifer Parmalee**

**Matters Taken Under Advisement:**

To allow for a tracking mechanism on matters taken under advisement, a new docket code has been created, *MTA Matter Taken Under Advisement, Opinion/Order to be issued.* When this situation occurs, courtroom staff to generate the wcpc199ord Order, and select the corresponding checkbox. When the order is routed to the document processors, they will then enter the MTA code as indicated on the order. Anyone can then look for all cases containing the MTA code in CourtView – Case Mgmt. – Reports – C-D – Daily Filing and selecting the docket code and date parameters. Jennifer sent an email on June 13 explaining this change.

**Rebecca Craigmile**

**Overhead Cabinets: Weight Capacity**

To prevent injury, staff is to be mindful of the weight limitations of overhead cabinets. These types of cabinets are not intended to be overloaded with heavy items, as they may fall. Please ensure that heavy items are properly stored in cabinets intended for the purpose.

**PowerDMS Known Issue:**

An issue has been identified in the PowerDMS application where users may erroneously receive the following message.



Until the issue is resolved, users may select "Discard" and continue to modify or access the policy.

**Janet Witte**

**Clerk Review Queue:**

The number of items in the Courtroom Clerk Review Queue is growing, likely due to vacancies/leaves. The Records Department cannot result the events until they receive the disposition sheets sent from the Clerk Review Queue, which may affect SCAO reporting. Janet will follow up with the affected courtrooms.

5

# Exhibit # 11

WCPC Employee Handbook Anti-Violence / Bullying Policy

**WAYNE COUNTY PROBATE COURT**
**Employee Handbook**

**TITLE:**

---

## ANTI-VIOLENCE / BULLYING POLICY

---

**POLICY:**

Providing a safe and secure workplace for employees free from violence and any form of bullying is a primary goal of employers including the Wayne County Probate Court. The Court is committed to preventing workplace violence and to maintaining a safe work environment.

Employees and other individuals are STRICTLY PROHIBITED from carrying, having, using, and/or threatening to use any firearms, weapons, or any other dangerous item. No person is allowed to have any of these items on their person or in their possession while on the Court's premises or when performing services for the Court.

### A. PROHIBITED VIOLENT CONDUCT

Employees are also STRICTLY PROHIBITED from threatening other employees or any other person while on the Court's premises or when performing services for the Court or at any other time if such threat is directly or indirectly related to the employee's employment at the Court. Threatening includes but is not limited to using language or action relating to harming another in any way, even if such language or action is done in a joking manner.

Workplace violence is defined as physical, verbal, or written threats, violent behavior or any *physical conduct which interferes or threatens an employee's or another's safety. It includes,* but is not limited to, the following:

- The actual or implied threat of harm to any individual(s) or group of individuals;
- The possession of any weapon in the Court, while performing services for the Court, or in a vehicle on property;
- The brandishing at others of any object which could be construed as a weapon;
- Loud, angry, or disruptive behavior that creates fear or anxiety in the workplace;
- Hitting, shoving, "horseplay", or otherwise assaulting an individual;
- Intentional disregard for the physical or psychological safety of others;
- Intentional destruction of the Court's property or any individual's personal property;
- Committing any misdemeanor or felony crime on Court grounds or in the scope of work duties;
- Any other conduct or behavior that a reasonable person would view as threatening or potentially violent.

### B. PROHIBITED BULLYING CONDUCT

Employees are STRICTLY PROHIBITED from bullying other employees or any other person while on the Court's premises or when performing services for the Court or at any other time.

The Wayne County Probate Court defines "bullying" as repeated inappropriate behavior, either direct or indirect, whether verbal, physical, psychological, or otherwise, conducted by one or more persons against another or others, at the place of work and/or in the course of employment.

Bullying may be intentional or unintentional. However, it must be noted that when an allegation of bullying is made, the intention of the alleged bully is irrelevant, and will not be given consideration when meting out discipline. As in sexual harassment, it is the effect of the behavior on the individual that is important.

### Examples:
The Court considers the following types of behavior examples of bullying:

- **Verbal bullying:** Slandering, ridiculing, or maligning a person or his or her family; persistent name calling that is hurtful, insulting or humiliating; using a person as butt of jokes; abusive and offensive remarks.
- **Physical bullying:** Pushing, shoving, kicking, poking, tripping, assault or threat of physical assault, damage to a person's work area or property
- **Gesture bullying:** Nonverbal threatening gestures; glances that can convey threatening messages.
- **Exclusion:** Socially or physically excluding or disregarding a person in work-related activities.

In addition, the following examples may constitute or contribute to evidence of bullying in the workplace:

- Persistent singling out of one person.
- Shouting or raising voice at an individual in public or in private.
- Using verbal or obscene gestures.
- Not allowing the person to speak or express himself of herself (i.e., ignoring or interrupting).
- Personal insults and use of offensive nicknames.
- Public humiliation in any form.
- Constant criticism on matters unrelated or minimally related to the person's job performance or description.
- Ignoring or interrupting an individual at meetings.
- Public reprimands.
- Repeatedly accusing someone of errors that cannot be documented.
- Deliberately interfering with mail and other communications.
- Spreading rumors and gossip regarding individuals.
- Encouraging others to disregard a supervisor's instructions.
- Manipulating the ability of someone to do their work (e.g., overloading, underloading, withholding information, assigning meaningless tasks, setting deadlines that cannot be met, giving deliberately ambiguous instructions).
- Inflicting menial tasks not in keeping with the normal responsibilities of the job.
- Taking credit for another person's ideas.

- Refusing reasonable requests for leave in the absence of work-related reasons not to grant leave.
- Deliberately excluding an individual or isolating them from work-related activities, such as meetings.
- Unwanted physical contact, physical abuse, or threats of abuse to an individual or an individual's property (defacing or marking up property).

All threats of (or actual) violence of bullying, both direct or indirect, that occur during work, or that may affect you at work, should be reported as soon as possible. This includes threats by employees, as well as threats by vendors, solicitors, and other members of the public. If you believe this policy is being violated, immediately notify the Human Resources Manager or the Probate Register
. Individuals may make such reports without fear of retaliation. The Court will use discretion and take all reasonable steps to protect the confidentiality of the individual making the report.

## C. PROHIBITED ITEMS IN THE WORKPLACE

Employees and other individuals are STRICTLY PROHIBITED from carrying, having, using, and/or threatening to use any firearms, weapons, or any other dangerous item. No person is allowed to have any of these items on their person or in their possession while on the Court's premises or when performing services for the Court.

Pursuant to the security policy of the Detroit-Wayne Joint Building Authority for the Coleman A. Young Municipal Center, numerous items are prohibited from being brought into the building. These objects are also barred from being brought into the Court. The Court also prohibits hazardous items from being brought onto its premises by its employees. The term "hazardous items" may be defined on a case-by-case basis and includes, but is not limited to, objects listed on the Detroit-Wayne Joint Building Authority's prohibited items list.

Forbidden items are as follows: ammunition, aerosols (or any spray device), can openers (of any kind, including P38's), combs (metal or rattail), drug paraphernalia, illegal drugs, explosive/hazardous materials, handcuffs, heavy metal objects, metal flatware, needles (unless medical documentation is provided), sharp objects or blades, weapons, and weapon-like objects (bats, clubs, batons, etc., including toys and replicas).

## D. EMPLOYER RESERVED RIGHTS UPON SUSPECTED VIOLATION

In instances where, in the Court's sole opinion, an individual exhibits any violent or potentially violent behavior, the Court reserves the right to request an evaluation by a mental health professional to determine fitness for duty as a condition of continued employment with the Court.

The Court further reserves the right to inspect employee's personal property in certain circumstances, as well as lockers, desks, work area, coat, briefcase, package, parcel, purse, bag, container, vehicle, or other suspected areas of concealment. The Court also retains the right to access or inspect information stored on an employee's Court computer and other

JS 44 (Rev. 10/20)

# CIVIL COVER S

Case: 5:23 ... led 09/08/23
Assigned To : Levy, Judith E.
Referral Judge: Grand, David R.
Assign. Date : 9/8/2023
Description: CMP STEWART V.
WAYNE COUNTY PROBATE COURT, ET AL (DJ)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement provided by local rules of court. This form, approved by the Judicial Conference of the United S purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Bridget Stewart | Wayne County Probate Court |

**(b)** County of Residence of First Listed Plaintiff   Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

18473 Glastonbury Rd.
Detroit, MI  48219

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | **LABOR** | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from Another District *(specify)*

☐ 6  Multidistrict Litigation - Transfer

☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 51,454.37

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| September 8, 2023 | |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                        ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.          Other than stated above, are there any pending or previously          ☐ Yes
            discontinued or dismissed companion cases in this or any other         ☒ No
            court, including state court? (Companion cases are matters in which
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes : _____